IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 4:13-CR-147-ALM-CAN |
| PETER PETSCHE | § § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on February 10, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Will Tatum.

On July 31, 2014, Defendant was sentenced by the Honorable Marcia A. Crone, United States District Judge, to a sentence of sixty-four (64) months imprisonment and three (3) years supervised release. The term of supervised release was revoked on July 5, 2019, and Defendant was sentenced to twelve (12) months and one-day (1) imprisonment, followed by one (1) year supervised released. Defendant's supervision originally commenced on July 30, 2019. After his revocation, his supervision commenced on April 20, 2020.

On November 13, 2020, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 73). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant must refrain from any unlawful use of a controlled substance; (2) Defendant must not communicate or interact with someone he knows is engaged in criminal activity; if he knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the

permission of the probation officer; and (3) Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program and he must pay any cost associated with treatment and testing.

The Petition asserts that Defendant violated these conditions because: (1) on September 2, 2020, Defendant tested positive for methamphetamine and marijuana; Defendant provided a verbal and written admission of marijuana use; the specimen was confirmed positive for amphetamine/methamphetamine and marijuana by Alere Toxicology; on October 15, 2020, Defendant tested positive for cocaine and marijuana; the specimen was confirmed positive for cocaine and marijuana by Alere Toxicology; on October 27, 2020, Defendant tested positive for cocaine and marijuana; Defendant provided verbal and written admission of cocaine and marijuana use, indicating he used cocaine on October 22, 23, and 24, and used marijuana on October 22, 2020; (2) on August 31, 2020, Defendant associated with an individual whom he knew to be a user of methamphetamine; Defendant provided a written admission of his interaction with someone he knew was engaged in criminal activity; and (3) on June 13 and July 6, 2020, Defendant failed to submit a urinalysis at OnScene in Sherman, Texas, as part of the U.S. Probation Office's random drug testing program; on August 29, 2020, Defendant failed to submit a urinalysis at OnScene in Sherman, Texas; Defendant verbally admitted he missed his drug test because he was at the zoo with his family; between April 20, 2020, and October 15, 2020, Defendant failed to call the drug line on numerous occasions and as part of the U.S. Probation Office's random drug testing program; on October 9, 2020, Defendant was fitted with a sweat patch to monitor his drug use; a photograph taken of his sweat patch on October 14, showed visible signs of tampering; on October 19, 2020, Defendant admitted himself to Fort Behavioral Center in Fort Worth, Texas, for

inpatient drug treatment; he was administratively discharged from the program on October 22, 2020, for repeated violations of program rules.

At the February 10, 2021, hearing, Defendant entered a plea of true to allegations 1, 2, and 3. The Court finds that Defendant has violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the February 10, 2021, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for twelve (12) months with no additional term of supervised release to follow.

**So ORDERED and SIGNED this 23rd day of February, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE